Good morning. My name is Wayne McMillan. It is my privilege to represent the petitioner Eduardo Stocker. Mr. Stocker has been a legal permanent resident of the United States since 1981, a period now of 27 years. He is a single father raising two United States citizen children. The relevancy of that is that he enjoys the burden of proof as stated in INA Section 240C3. That is, the burden of proof in removing a permanent resident is on the government to prove its case by clear and convincing evidence. At the government's urging, the immigration judge found that Mr. Stocker was removable under Section 101A43U, an attempted fraud. The immigration judge also found that the attempt was to cause a loss to a victim of more than $10,000. I believe that the government has failed to meet its burden. This is an interesting case. All the cases are interesting, but this one has some unique aspects to it. Unfortunately, I don't know. There have been some recent decisions by our court that I'm not sure were considered or addressed in the briefs. Navarro-Lopez, McGrath. Are you familiar with those cases? I'm familiar, and it's my understanding those deal with restitution amounts. Well, there's other aspects to them. I'm finding. Kawashima. Are you familiar with Kawashima? I'm finding proof beyond a doubt. No, no, no. Are you familiar with a case called Kawashima? I'm not familiar with Kawashima. Well, this might be difficult. It's even difficult for us. So let me raise it. Let me raise it. I see one issue here that I'm not sure is adequately addressed. Okay, so you're right. So he's removed on the basis of 43 or the basis is 43U, attempt. Yes. Okay, and if you go to his crime of conviction, which is 1344, it embodies both an actual direct offense as well as an attempt. Is that right? That's what the section reads, yes. That's the way it reads, scheme to defraud, bank fraud. Okay, so it doesn't have to be a completed act. Correct. And it sure looks like they proved a substantial step in completing that attempted fraud. May I respond? Yes, but hold on in a minute. But here's the deal. Here's my concern. So we know from our case law, though, that we don't treat, because that 1344 does not have an element of $10,000. Our case law, when the government tries to rely on that statute of conviction under the M provision of 101, I forget all these numbers, but 43M, we have said that that is not an aggravated felony for purpose. All right, so mainly because it lacks the $10,000. Yes. Okay. We have some subsequent cases that say that that $10,000 requirement of M is an element of the offense for purposes of this aggravated felony provision. So now the question is, the fact that the government's relying on attempt, by relying on attempt, are they able to avoid the $10,000 requirement? It would seem to me you have to have both. Let's say they were relying on a fraud. Let's say they proved the fraud, but didn't prove the $10,000. Obviously, there is no proof beyond a doubt it's not an element of the offense. And the jury need not find that in order to convict the defendant of either fraud or attempted fraud. But I did want to point out, Your Honor, that this becomes important because there are cases that I just pointed out to you, Kawashima and Navarro-Lopez, especially Kawashima is the one that's really important here, basically says that if the generic offense here has a particular element that's not satisfied by the underlying crime of conviction, you don't even get to what's called the modified categorical approach. It's just not a crime. It's just not an aggravated felony. I appreciate the Court's point. And, of course, I agree with it. I hope so. I think, though, that we do have to rely – your point aside, we do have to rely on the modified categorical approach because the Respondent was not convicted of the entire section of 1344 that does involve attempts and schemes and what have you. But if you do rely on the modified categorical approach, or if you can for purposes of determining whether or not he was convicted of a crime in which the amount of loss was $10,000, then I don't know – it's pretty hard to say that that element is not satisfied. Well, but you're skipping over the initial point, and the initial point is was he convicted of an attempt. And my argument is that the record of conviction does not show that he was convicted of an attempt. It shows that he was convicted of a completed crime. He was not charged with the entire – Well, he was charged – I thought he was charged with both. I mean, the way that – the way the indictment read – I may not have brought it down with me. Well, the indictment at page 203 lists account one and account two, which are practically identical, although the factual elements are somewhat different. And what it says is that he passed to a third party a forged check from Great Western Bank account with the intent the check be deposited into another bank account. Doesn't it allege the amount of that check? It was alleged to the amount. But that is not – What was the amount? We're on two different pages here. I want to talk – the amount alleged was $352,000 in account one and $149,000 in account two. Now, what he was convicted of, however, was not an attempt to defraud anyone. He was convicted of a completed crime. His conviction was completed when he passed the check to another individual with the intent – with the intent to commit a fraud. That does not rise to an attempted fraud. You can't have both an attempt and a completed crime. Compare this to the crime of burglary. Common law definition of burglary, one common law definition, is the entry into a building with the intent to commit a theft. That crime is completed when the individual enters the building. He does not have to go in and try to commit the theft. In fact, a burglary cannot be a burglary and an attempted theft. It has to be one or the other, but not both. In both of these counts, which read identically, Mr. Stocker was not convicted of any element of the divisible offense that relates to an attempt. He was convicted of that element of the offense. That is a completed crime. The crime was completed when he passed the check. I understand your argument, but we have this case. It's very recent for me. I'm sorry. We have this recent case called McGrath v. Mukasey. It came out on September 24. And in there, we try to set forth the generic elements of an attempt under you. And this particular case involved a conviction under California Penal Code Section 459, which in relevant part simply provides that, and here I'll use the language of our opinion, McGrath pledged specifically to one count of entering a locked motor vehicle with the intent to commit theft. And we overlaid on that an attempt. We held that that statute satisfied the basic generic elements in an attempt to offense, the intent to commit a crime with a substantial theft. Well, but that's in defiance of the common law that holds that you cannot commit both. Well, I mean, you know, this is, I just, you know, that's why I asked at the outset whether you'd have to read these cases. And, you know, maybe we might be appropriate to give you a chance to submit a supplemental brief. Because I think if you read these cases carefully, your position may ultimately prevail just on the basis of this, our recent law. But I don't know. It's very, it's all very interesting, and I'm not quite sure how to resolve it. Well, I'll be happy to do that. Would you like to discuss the $10,000? Go ahead. Before I have, are you, are we, are we finished? The section that he was, not the section, but the count that he was convicted of, while it mentions an amount of money, also specifically says that the defendant would receive funds withdrawn from that account. It doesn't mention any particular amount of funds. Placing the government on its burden of proof, they have not proved that his intent, if we can correlate intent into attempt, it does not prove that his attempt was to take funds that exceeded $10,000. The government relies on the BIA case on IDA, O-N-Y-D-O, which is distinguishable. In that case, there was an insurance fraud where the defendant specifically negotiated an insurance settlement to the fraudulent claim in the amount of $15,000 and, in fact, was driven to the insurance office where he was arrested to pick up the check for $15,000 where he was arrested. And the BIA held, and probably correctly so, that the elements of that offense show that there was an attempt to defraud the insurance company of more than $10,000 since a sum certain had been decided on and since the only thing left for the defendant to do was to pick up the check. In this particular case ---- But as I look at the aggravated felony statute, the Federal statute, it doesn't say that he has to get the $10,000. It says that the victim has to lose $10,000. And there's no allegation that any victim was going to lose any particular amount of money other than what he hoped to get. Other than $352,000 in change, which was the amount of the check he deposits. Well, that was ---- he was ---- it was a check drawn from Great Western Bank to be deposited into another bank. And that was the end of that. Would they have lost that amount of money if the other bank had not accepted the check, had looked at it, had called it in or something like that? I can't get my bank to give me credit for a $1,000 check. Let's hear from the government and then we'll hear from the other side. And we may end up wanting supplemental briefing on Navarro-Lopez and that line of cases. Yeah. May it please the Court. Gregory Davis for the Attorney General. Your Honor, I am familiar with Navarro-Lopez, on which two of the members of the panel sat on bonk, as well as with Kawashima. As the Court is probably aware, the government filed a petition for a rehearing on bonk in Kawashima on the 15th of September. On the 17th of September, the petitioner was ordered to file a response, with the response currently due the 21st of November. If the Court is inclined to grant the petition, we would certainly ask that the Court hold the case in abeyance pending resolution of the on bonk petition in Kawashima, because as the Court knows. How do we make sense out of Kawashima? Let's just, it's the existing law for the time being. Okay. How do we make sense out of Kawashima and the attempt provision? It's an interesting question. I certainly would like to argue that attempt is different than a substantive offense under M-1. I'm not sure that would pass the smell test, however. And I'm reluctant to be laughed at by a panel of three judges. Well, have you heard of a recent case called Nagrath? I have not. I'm not familiar with Nagrath. I've got two out of three, Your Honor, but I'm sorry. I understand. This is a very recent case. Yeah. Nagrath basically tried to establish the generic elements of an attempt offense. Right. I mean, I'm familiar with the line of cases, and I believe it's with the Third, the Fifth, and the Seventh Circuits, where they have basically concluded that $10,000 is not an element, although this Court's previous decision of decisional authority would suggest otherwise. I mean, obviously we would argue that the decisions in the Third, Fifth, and Seventh Circuits are more consistent with the intention of Congress when it enacted the INA. Yeah. It seems to me that if $10,000 is an element after Kawashima. After Kawashima, that's exactly right. After Kawashima, even if you take Nagrath, it doesn't make it. That's precisely why I asked the Court to hold the case of the petition for rehearing on Bont and Kawashima. I mean, obviously there's not much more I can say. I would love to be able to tell you more. Now, I can talk briefly about he was convicted of an attempt. If you look at our brief at Pages 8, you see that the person to whom the checks were presented clearly you're not going to have an awful lot of success if the person is saying, oh, here, government, this person, they're attempting to pass these checks for $502,000. It was not a completed offense. And if you look at the language of the indictment, it's plain that it's charging an attempt, not a completed offense. Well, you know, I remember from my days as a district court judge, we used to have these bank fraud cases. The government always had to prove a scheme. That's basically it. They just had to prove the scheme. That's right. And we believe that that was proven here. Obviously, I mean, the jury agreed in the criminal case. And we think under the Supreme Court's decision in Nieder v. United States, if you look and see that if we get to the modified categorical approach, we pass muster because both Subpart 1 and Subpart 2 of 18 U.S.C. 1344, you look at common law and defraud means that the has a common law meaning of fraud, which would be covered by the aggravated felony statute, the aggravated felony provision of the INA. Let me ask you one other. I haven't had time to read your petition for rehearing. I only read it on Thursday. I read it this morning on Blackberry. It's not fun. In Kawashima. But what's the ñ give me a preview to the argument. The argument is largely it unnecessarily creates a circuit split looking at the first, the third, the fifth, and the seventh circuit cases. It discusses whether or not the $10,000 amount is an element that must be proven. It suggests that if the court reads Navarro-Lopez as the Kawashima court determined it had to be read, essentially there are no fraud ñ virtually no fraud statute that includes as an element a $10,000 requirement, and that would be ñ that's inconsistent with Congress's intent. Congress wouldn't have passed provision if there was no possibility the provision would ever be used. And it discusses that also with request. So in fraud cases, then the end result would be, if that were to be the view that would prevail, would be that you never have ñ you never get to the ñ it's not categorically an aggravated felony, but you'd have to go to the modified categorical approach to look to see if there was evidence that showed that there was an intended loss of ñ But as we were ñ as the Kawashima court read the Navarro-Lopez decision, you never get there because the statute ñ all of the fraud statutes, the criminal tax statutes, the bank fraud statutes, none of them has as an element a requirement that the loss be ñ the intended loss exceed $10,000, which would essentially write out the entire provision ñ two provisions of the INA. Because I believe under subpart ñ was it subpart D of 43, which is money laundering, also you never get there because the money laundering offenses ñ the money laundering statutes don't include as an element a $10,000. So essentially, if Navarro-Lopez and Kawashima are law, subpart D is completely irrelevant, which Congress could not have intended. And for the ñ and subpart M1 and part M2 are also irrelevant because you never get there either. So that's a ñ that's a preview of a short ñ short version of what you get to read sometime soon, no doubt, Your Honor. And if the Court has no further questions, as I said, we would ask that the Court hold this case in abeyance of pending resolution of the ñ the en banc petition. In your ñ in your view, would it be useful to have supplemental briefing as we wait for the decision on Kawashima en banc? I'm certainly not going to object to that. I'm ñ I'm ñ we would be arguing hypotheticals, however, not that that's ñ we would certainly be happy to submit a brief if the Court requested. It may be more useful to have supplemental briefing after Kawashima is resolved. I got it. Okay. Thank you. Any response? None is ñ none is required. Well, only that it's not fair that my opponent is going to be the brief on the Kawashima case. At any rate, I would just say that one ñ one thing, that relying on facts stated in the indictment would be inappropriate because those are facts of probable cause nature only. They're not proven beyond a reasonable doubt. They're the ñ not have an opportunity to participate in that. So the only thing that you can rely on in the indictment are the counts itself. Okay. Thank you. Thank both sides for the argument. Stockton-Wingos is submitted for decision at this time. If we ask for supplemental briefing, we'll probably withdraw from submission pending the briefing, depending on whether we withhold until we resolve Kawashima. We've got to make up our minds on this one, but submitted for decision for the moment. We will decide, and we will notify you if we wish supplemental briefing. So until you hear from us, stand pat. Okay. Thank you. Dr. Munoz, for the moment, submitted for decision. The next case on the argument calendar is Schutt v. Korting v. Sweatt and Crawford. Excuse me. Schutt v. Korting v. Sweatt and Crawford.
judges: Fletcher, Paez, Duffy